UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AIREKO CONSTRUCTION LLC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Before: Claire R. Kelly, Judge |
| v. ) | Civil Action No. 20-00128 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Upon consideration of Aireko Construction LLC's Motion For Summary Judgment, and upon all other related papers filed herein, it is hereby:

**ORDERED** that Aireko Construction LLC's Motion For Summary Judgment is granted.

_____
CLAIRE R. KELLY, Judge

Dated: New York, New York
This _____ day of _____, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AIREKO CONSTRUCTION LLC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Before: Claire R. Kelly, Judge** |
| v. ) | **Civil Action No. 20-00128** |
| ) | |
| UNITED STATES, ) | |
| ) | |
| **Defendant.** ) | |

## AIREKO CONSTRUCTION LLC'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the United States Court of International Trade, Plaintiff, Aireko Construction LLC, by and through its undersigned counsel, hereby respectfully moves this Court for an order granting summary judgment on the grounds that there are no genuine issues of material fact to be tried and that Aireko Construction is entitled to summary judgment as a matter of law.

A memorandum in support of this motion is filed herewith

WHEREFORE, Aireko Construction LLC respectfully requests this motion be granted.

Dated: June 4, 2021.

Respectfully submitted,

/s/ Peter S. Herrick
PETER S. HERRICK, PA
4324 Bayshore Blvd NE
St Petersburg FL 33703

Tel. 727-244-1600
Email. pssherrick@gmail.com

Attorney for Plaintiff

IN THE: UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. JUDGE CLAIRE R. KELLY

| | |
|---|---|
| AIREKO CONSTRUCTION LLC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. )<br>) | Civil Action No. 20-00128 |

## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF AIREKO CONSTRUCTION LLC'S MOTION FOR SUMMARY JUDGMENT

Dated: June 4, 2021.

                                      Respectfully submitted,

                                      /s/ Peter S. Herrick
                                      PETER S. HERRICK, PA
                                      4324 Bayshore Blvd NE
                                      St Petersburg FL 33703
                                      Tel. 727-244-1600
                                      Email. pssherrick@gmail.com

                                      Attorney for Plaintiff

# TABLE OF CONTENTS

MERCHANDISE AT ISSUE ................................................................. 1

QUESTIONS PRESENTED .................................................................. 1

STATEMENT OF MATERIAL FACTS FOR WHICHI
THERE IS NO GENUINE ISSUE TO BE TRIED .................................. 1

SUMMARY OF THE ARGUMENT ...................................................... 3

ARGUMENT ......................................................................................... 4

1.    Standard of Review ..................................................................... 4

DISCUSSION ........................................................................................ 4

CONCLUSION ...................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Aireko Construction, LLC v. United States*, 425 F. Supp. 3d 1307
(USCIT 2020).................................................................................................. 2, 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)................................................. 4

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986)...................................... 4

*American Power Pull Corp. v. United States*
USCIT Slip Op. 15-128 (2015)......................................................................... 4

*Sunpower Corp. v. United States*
253 F. Supp. 3d 1275 (USCIT 2017)................................................................ 5

*Sunpower Corp. v. United States* 179 F. Supp. 3d 1286
(USCIT 2016) .................................................................................................. 5

*Tai-Ao Aluminum (Taishan) Co. v. United States*
391 F. Supp. 3d 1301 (USCIT 2019) aff'd 983 F. 3d 487 (Fed.Cir. 2020) .. 6

**Statutes and Regulations**

19 C.F.R. §174.30 ............................................................................................ 2

19 U.S.C. §1673e(b) ........................................................................................ 3

19 C.F.R. §141.68(a)(2) ................................................................................... 3

19 U.S.C. §1511(d) .......................................................................................... 3

28 U.S.C. §1581(c) .......................................................................................... 4

28 U.S.C. §1581(a) .......................................................................................... 5

**USCIT Rules**

Rule 56 ............................................................................................................. 1

Rule 56(c) ......................................................................................................... 4

**Rulings**

HQ 225111 dated October 4, 1994 ....................................................... *SOF* 14

**Abbreviations**

Solar II PRC ............................................................................................. 4, 5

## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF AIREKO CONSTRUCTION LLC's MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the U. S. Court of International Trade, Plaintiff, Aireko Construction LLC ("Aireko"), by and through undersigned counsel, submits this memorandum in support of its motion for summary judgment.

### MERCHANDISE AT ISSUE

This is a dispute over the liquidation of three (3) entries of crystalline silicon photovoltaic ("CSPV") products imported from China allegedly subject to antidumping and countervailing duties.

### QUESTIONS PRESENTED

(1) Whether U S Customs and Border Protection ignored the amendment to the protest and Aireko's selection of entry dates?

(2) Whether the liquidation of the three entries assessing antidumping and countervailing duties retroactively was lawful?

(3) Whether the delay in providing Aireko with timely notice deprived Aireko to seek relief through the administrative process and forced Aireko into expensive litigation to resolve the liquidation issue?

### STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

Aireko is a company located in Puerto Rico and is an importer of CSPVs from the Peoples Republic of China. *Annexation of Statement of Material Facts for Which There is*

*no Genuine Issue to be Tried ("SOF")* 1. Aireko attempted to obtain a scope ruling from the Department of Commerce ("Commerce") that its imported CSPVs were outside the scope of the antidumping and countervail duty orders (A-570-010 and C-570-011) *SOF 2.* Commerce ruled the CSPVs were within the antidumping and countervailing duty orders. *SOF 3.*

Aireko filed a complaint at USCIT on December 12, 2015 challenging the scope ruling. *SOF 5.* U S Customs and Border Protection ("CBP") liquidated the three entries on September 2, 2016 by assessing antidumping and countervailing duties. *SOF 5.* On December 5, 2016 Airko filed its protest contesting the assessment of antidumping and countervailing duties. *SOF 6.* On November 12, 2016 Airko amended its protest claiming the three entries were entered for consumption prior to December 23, 2014, the date set forth in Commerce's final determination for A-570-010 and C-570-011. *SOF 7.*

The scope ruling litigation was completed on January 13, 2020 when the Court determined Aireko's CSPVs were subject to the antidumping and countervailing duty orders in 425 F. Supp. 3d 1307 (USCIT 2020). *SOF 9.* CBP denied the protest on January 13, 2020 based on USCIT Slip Op. 20-6 without any reference to the amendment to the protest. *SOF 10.* This denied protest was mailed to undersigned counsel on June 11, 2020 and received on June 15, 2020. *SOF 11.* The law requires a denied protest to be mailed within 30 days of the denial. 19 C.F.R. §174.30. Because the denied protest was received more than 90 days from the denial, Aireko was deprived of the opportunity to request the denied protest

voided under 19 U.S.C. §1511(d) and to consider the amendment to the protest. *SOF 12.*

To contest the denied protest, payment of the antidumping and countervailing duties and interest of approximately $1,000,000.00 had to be received by CBP prior to July 11, 2020. Payment was delivered to CBP by USPS on July 10, 2020; and, after the delivery, a timely summons was filed in this court. *SOF 13.*

The imposition of antidumping duties is governed by 19 U.S.C. §1673e(b). Both under the general rule and the special rule set forth in that statute, the date that the merchandise is entered for consumption governs. *SOF 14.* Under 19 C.F.R. §141.68(a)(2) an importer may request the time of entry to be the time the entry documentation is filed if the request is made at the time of filing and the merchandise has already arrived. *SOF 15.* For the three entries, Aireko selected entry dates on its CBP Form 3461s which were made under section 141.68(a)(2). *SOF 16.*

For entry summary 26-0333665-9 the arrival date was December 15, 2014 and the elected entry date was December 19, 2014. *SOF 17.* For entry summary 256-0333675-8 the arrival date was December 14, 2014 and the elected entry date was December 19, 2014. *SOF 18.* For entry summary 256-0333680-8 the arrival date was December 21, 2014 and the elected entry date was December 22, 2014. *SOF 19.*

## SUMMARY OF THE ARGUMENT

The three entries of CSPVs were unlawfully liquidated with the assessment of antidumping and countervailing duties as the entries were entered for consumption prior to

3

Commerce's final determination of December 23, 2014.

## ARGUMENT

**1.    Standard of Review**

Summary judgment "is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and the movant is entitled to judgment as a matter of law." USCIT R. 56(c) "The burden of establishing the absence of a genuine issue of material fact lies with the moving party. See, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court must view the evidence in the light most favorable to the non-movant and may not weigh the evidence or resolve issues of fact. See, *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249, 255 (1986). (citations omitted). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could return verdict in that party's favor. *Id.* at 248." American Power Pull Corp. v. United States, USCIT Slip Op. 15-128 (2015) at page 5.

## DISCUSSION

In Aireko Construction, LLC. v. United States, 425 F. Supp. 3d 1307 (USCIT 2020) raised the issue that CBP had unlawfully liquidated its three entries retroactively. The Court observed that its jurisdiction was brought under 28 U.S.C. §1581(c) and it applied the final Solar II PRC scope determinations. The issue of liquidation of entries would have to be

4

considered under section 1581(a) after the filing of a protest and payment all liquidated duties and charges. That brings us to the instant case where the protest has been denied and all liquidated duties and charges have been paid.

The outcome of this case is governed by Sunpower Corp. v. United States, 253 F. Supp. 3d 1275 (USCIT 2017). Aireko has had the same concerns as Sunpower where the Court stated the following at page 1293:

> "Finally, in SunPower the court deferred consideration of SunPower's argument that 'Commerce unlawfully applied the final Solar II PRC scope determinations to entries made prior to the publication of the AD[D] and CVD orders.' SunPower, 40 CIT at ----, 179 F.Supp.3d at 1308. SunPower argues that, should the court sustain Commerce's scope determination, the court should order that determination only applies prospectively. SunPower Br. 24 ('[S]hould the Court [affirm Commerce's final Solar II PRC scope determinations], the Court must prevent the retroactive application of the 'scope clarification' to entries made prior to the publication of the [ADD] order on February 18, 2015, or at least prior to the publication of [Commerce]'s final determination in the Federal Register on December 23, 2014.').
>
> SunPower does not point to anything that supports the implication that Commerce's order applies to merchandise entered prior to publication of the final antidumping duty order. Defendant cites Commerce's instructions to U.S. Customs and Border Protection ('CBP') to suspend liquidation and collect cash deposits as of the date of publication of the Solar II PRC ADD Final Results and Solar II PRC CVD Final Results on December 23, 2014, and Commerce's subsequent instructions (adjusted to reflect subsidy offsets) to CBP to suspend liquidation and collect cash deposits as of the date of publication of the Solar II PRC ADD and CVD orders on February 18, 2015. Def.'s Resp. 49-50. Indeed, Commerce instructed CBP to suspend liquidation of, and collect cash deposits at the final rate for, subject merchandise within the final scope which was 'entered, or withdrawn from warehouse, for consumption on or after 12/23/2014,' the date of the publication of the Solar II PRC ADD Final Results. See CBP Instructions

Pertaining to Final ADD Determination, Message No. 5002303, A-470010, ADD PD 833, bar code 3251068-01 (Jan. 2, 2015). Commerce subsequently instructed CBP to suspend liquidation and collect ADD cash deposits at rates 'adjusted to reflect the subsidy offsets determined in the companion [CVD] proceeding,' as of February 18, 2015, the date of publication of the final ADD and CVD orders. See CBP Instructions Pertaining to Interested Parties Order Instructions, Message No. 5051302, ADD PD 847, bar code 3271944-01 (Apr. 23, 2015). Commerce instructed CBP to suspend liquidation and collect CVD cash deposits at the final subsidy rates, as of February 10, 2015, 'the date of publication of the International Trade Commission's final determination in the Federal Register.' See CBP Instructions Pertaining to Interested Parties Amended Final and CVD Order, Message No. 5051303, CVD PD 416, bar code 3261675-01 (Feb. 20, 2015). SunPower states that, 'if Defendant's position is that the expanded scope, as embodied in the Department's scope 'clarification,' is not being applied to entries prior to the date of the final determinations, we agree with the Defendant's position.' Reply Br. Pls. SunPower Corporation and SunPower Corporation, Systems 21, Mar. 29, 2016, ECF No. 91. That is Defendant's position. See Def.'s Resp. at 49-50. Accordingly, there is no dispute to resolve with respect to this issue."[1]

## CONCLUSION

While the entry dates on the scope ruling request differ from the entry dates on Aireko's 3461s, Aireko had the lawful right to select the entry dates on the 3461s, see *supra*. CBP liquidated the three entries based on the final determination dated December 23, 2014. This was an unlawful liquidation. There were no pending liquidation instructions from Commerce to CBP on Aireko's entry dates. Therefore, Aireko respectfully requests the

---

[1] See, also, Tai-Ao Aluminum (Taishan) Co. v. United States, 391 F. Supp. 3d 1301,1313-15 (USCIT 2019), aff'd 983 F. 3d 487 (Fed. Cir. 2020) for the principle that "Commerce is prohibited from assessing retroactive AD/CVD liability without providing sufficient notice."

Court to make the following findings:

(1) That Aireko's chosen entry dates preceded Commerce's final determination of December 23, 2014 in cases A-570-010 and C-570-011;

(2) That CBP's retroactive liquidation of Aireko's three entries was unlawful; and,

(3) The three entries shall be reliquidated at the antidumping and countervailing duty rates of zero "0"; and,

(4) All of the monies deposited for the three entries shall be refunded to Aireko with statutory interest; and,

(5) For other relief this Courts deems warranted.

Respectfully submitted,

/s/ Peter S. Herrick
PETER S. HERRICK, PA
4324 Bayshore Blvd NE
St Petersburg FL 33703
Tel. 727-244-1600
Email. pssherrick@gmail.com

Attorney for Plaintiff

Dated: June 4, 2021.