UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE
_____

| | | |
|---|---|---|
| AIREKO CONSTRUCTION LLC, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00128 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Upon reading plaintiff's motion for summary judgment, defendant's cross-motion for partial summary judgment, and the parties' respective responses thereto; and upon consideration of other papers and proceedings had herein; it is hereby

**ORDERED** that plaintiff's motion for summary judgment be, and hereby is, denied in part with respect to the assessment of antidumping duties; and it is further

**ORDERED** that defendant's cross-motion for partial summary judgment be, and hereby is, granted; and it is further

**ORDERED** that U.S. Customs and Border Protection shall reliquidate the entries at issue at an antidumping duty rate of 42.33% and a countervailing duty rate of 0.00%; and it is further

**ORDERED** that this action be, and hereby is, dismissed.

_____
JUDGE

Dated: New York, NY
         This        day of _____, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE
_____

AIREKO CONSTRUCTION LLC,             :

                                         :

                                         :

                Plaintiff,           :             Court No.  20-00128

                                         :

                v.                     :

                                         :

UNITED STATES,                          :

                                         :

                Defendant.       :

_____:

## **DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully moves this Court for an Order: (1) denying plaintiff's motion for summary judgment relating to the assessment of antidumping duties; (2) granting our cross-motion for partial summary judgment finding that the merchandise at issue was properly assessed antidumping duties; (3) instructing U.S. Customs and Border Protection to reliquidate the entries at issue at an antidumping duty rate of 42.33% and a countervailing duty rate of 0.00%; and (4) dismissing this action in its entirety.

The bases for defendant's cross-motion for partial summary judgment are set forth in the attached memorandum.

WHEREFORE, defendant respectfully requests that an Order be entered denying plaintiff's motion for summary judgment, in part, granting defendant's cross-motion for partial summary judgment, and dismissing the action in its entirety, and granting such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:   /s/ Aimee Lee
AIMEE LEE
Assistant Director

| Of Counsel: | /s/ Hardeep K. Josan |
|---|---|
| Paula Smith | HARDEEP K. JOSAN |
| Office of Assistant Chief Counsel | Trial Attorney |
| International Trade Litigation | International Trade Field Office |
| U.S. Customs and Border Protection | Department of Justice, Civil Division |
| | Commercial Litigation Branch |
| | 26 Federal Plaza, Room 346 |
| | New York, New York 10278 |
| | (212) 264-9245 or 9230 |

July 30, 2021                       Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE
_____

| | | |
|---|---|---|
| AIREKO CONSTRUCTION LLC, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00128 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Rule 56.3, Rules of the United States Court of International Trade, requires that motions for summary judgment include a separate statement of undisputed material facts as to which it is contended that there exists no genuine issue to be tried.  In this case, with respect to Defendant's Cross-Motion for Partial Summary Judgment only, there are no disputed material facts as to which there exists a genuine issue to be tried and the issues are amenable to resolution through dispositive motions.  The pertinent undisputed facts of this case are as follows:

1.        In January 2014, Commerce published the notice of initiation of antidumping and countervailing duty investigations on certain crystalline silicon photovoltaic (CSPV) products from the People's Republic of China (PRC).  *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China and Taiwan: Initiation of Antidumping Duty Investigations*, 79 Fed. Reg. 4661 (January 29, 2014); *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China and Taiwan: Initiation of Countervailing Duty Investigations*, 79 Fed. Reg. 4667 (January 29, 2014).

2.      In June 2014 and July 2014, respectively, Commerce published the preliminary determinations of the countervailing and antidumping duty investigations on certain CSPV from the PRC. *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Preliminary Affirmative Countervailing Duty*, 79 Fed. Reg. 33,174 (June 10, 2014); *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Affirmative Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 79 Fed. Reg. 44,399 (July 31, 2014).

3.      In accordance with the preliminary determinations, Commerce instructed CBP to suspend liquidation of all entries of certain CSPV from the PRC, and to require a cash deposit for such entries. Message No. 4163305 (June 12, 2014); Message Nos. 4220303 (August 8, 2014), 4307307 (November 3, 2014), Ex. A.

4.      In December 2014, Aireko imported CSPV from the PRC, exported by Wanxiang Import & Export Co. Ltd. and produced by Zhejiang Wanxiang Solar Co. Ltd., through the Port of San Juan, Puerto Rico. *See* Compl. ¶ 2; Ans. ¶ 2; Dkt. Nos. 11, 16

5.      For the entries at issue, Aireko selected entry dates of December 19, 2014 and December 22, 2014 on its CBP Form 3461. Compl. ¶¶ 20-22; Ans. ¶¶ 20-22.

6.      On December 23, 2014, Commerce published the final determinations of the antidumping and countervailing duty investigations. *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*, 79 Fed. Reg. 76,970 (December 23, 2014); *Countervailing Duty Investigation of Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 79 Fed. Reg. 76,962 (December 23, 2014).

2

7.    In February 2015, Commerce published the antidumping and countervailing duty orders on certain CSPV from the PRC.  *See* 80 Fed. Reg. 8592 (February 18, 2015).

8.    On May 2, 2016 and May 13, 2016, respectively, Commerce issued antidumping and countervailing duty liquidation instructions to CBP covering the entries at issue.  *See* Message Nos. 6123301 (May 2, 2016), 6134013 (May 13, 2016), Ex. B.

9.    Regarding the antidumping duty order, Commerce instructed CBP, in relevant part, to liquidate entries of certain CSPV from the PRC for the period of July 31, 2014 through January 25, 2015 at the cash deposit rate in effect on the date of entry, which was 42.33%.  *See* Message Nos. 4307307, 6123301, Exs. A, B.

10.    Regarding the countervailing duty order, Commerce instructed CBP, in relevant part, to liquidate entries of CSPV from the PRC for the period October 18, 2014 through February 9, 2015 without regard to countervailing duties.  *See* Message No. 6134304, Ex. B.

11.    On September 2, 2016, CBP liquidated the entries at issue at an antidumping duty rate of 52.13% and a countervailing duty rate of 26.89%.  Dkt. Nos. 11, 16.

12.    Aireko protested the assessment of antidumping and countervailing duties.  Dkt. Nos. 11, 16.

13.    CBP denied Aireko's protest on June 11, 2020.  Dkt. Nos. 11, 16.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:   /s/ Aimee Lee
AIMEE LEE
Assistant Director

Of Counsel:                  /s/ Hardeep K. Josan
Paula Smith               HARDEEP K. JOSAN
Office of Assistant Chief Counsel    Trial Attorney
International Trade Litigation      International Trade Field Office
U.S. Customs and Border Protection  Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

July 30, 2021                Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE
_____

| | | |
|---|---|---|
| AIREKO CONSTRUCTION LLC, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00128 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:    /s/ Aimee Lee
           AIMEE LEE
           Assistant Director

Of Counsel:                /s/ Hardeep K. Josan
Paula Smith               HARDEEP K. JOSAN
Office of Assistant Chief Counsel    Trial Attorney
International Trade Litigation       International Trade Field Office
U.S. Customs and Border Protection   Department of Justice, Civil Division
                                Commercial Litigation Branch
                                26 Federal Plaza, Room 346
                                New York, New York 10278
                                (212) 264-9245 or 9230

July 30, 2021              Attorneys for Defendant

6

## TABLE OF CONTENTS

INTRODUCTION.............................................................................................................. 1

BACKGROUND............................................................................................................... 2

   I.   ASSESSMENT OF ANTIDUMPING DUTIES GENERALLY ..................................... 2

  II.   ASSESSMENT OF ANTIDUMPING AND COUNTERVAILING
       DUTIES ON AIREKO'S ENTRIES ............................................................... 2

QUESTION PRESENTED ............................................................................................... 4

SUMMARY OF ARGUMENT ........................................................................................ 4

ARGUMENT ................................................................................................................... 5

   I.   STANDARD OF REVIEW ......................................................................... 5

  II.   AIREKO'S ENTRIES WERE SUBJECT TO
       ANTIDUMPING DUTIES .......................................................................... 6

 III.   AIREKO'S ENTRIES WERE NOT SUBJECT TO
       COUNTERVAILING DUTIES ................................................................... 8

 IV.   AIREKO IS WRONG THAT *SUNPOWER* GOVERNS THIS CASE .......................... 9

CONCLUSION.................................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Adickes v. S.H. Kress & Co.,*
398 U.S. 144 (1970) ...................................................................................... 6

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ....................................................................................5, 6

*Cemex, S.A. v. United States,*
384 F.3d 1314 (Fed. Cir. 2004) ...................................................................... 7

*Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.,*
475 U.S. 574 (1986) ........................................................................................ 6

*Mitsubishi Elecs. Am., Inc. v. United States,*
44 F.3d 973 (Fed. Cir. 1993) .......................................................................2, 6

*Novosteel SA v. United States,*
284 F.3d 1261 (Fed. Cir. 2002) .....................................................................10

*SmithKline Beecham Corp. v. Apotex Corp.,*
439 F.3d 1312 (Fed. Cir. 2006) .....................................................................10

*SunPower Corp. v. United States,*
253 F. Supp. 3d 1275 (Ct. Int'l Trade 2017) .............................................9, 10

*Trumpf Med. Sys., Inc. v. United States,*
753 F. Supp. 2d 1297 (Ct. Int'l Trade 2010) .................................................. 5

*Ugine & Alz Belg. v. United States,*
551 F.3d 1339 (Fed. Cir. 2009) ...................................................................... 6

*United States v. Great American Ins. Co.,*
738 F.3d 1320 (Fed. Cir. 2013) ...................................................................... 9

*Xerox Corp. v. United States,*
289 F.3d 792 (Fed. Cir. 2002) ........................................................................ 7

## Statutes

19 U.S.C. § 1514(a) ......................................................................................... 6

19 U.S.C. § 1514(a)(2) ............................................................................................................ 6
19 U.S.C. § 1514(a)(5) ............................................................................................................ 6

28 U.S.C. § 1581(a) ................................................................................................................. 6

28 U.S.C. § 2640(a)(1) ............................................................................................................ 5

## Regulations

19 C.F.R. § 141.68(a)(2) .......................................................................................................... 3
19 C.F.R. § 351.211 ................................................................................................................. 2

## Rules

USCIT R. 56 .............................................................................................................................. 5

USCIT R.56 (a) ......................................................................................................................... 5

USCIT R.56 (c) (2) ................................................................................................................... 6

USCIT R.56.3 (c) ...................................................................................................................... 6

## Other Authorities

*Certain Crystalline Silicon Photovoltaic Products From the People's Republic of
China and Taiwan: Initiation of Antidumping Duty Investigations*
79 Fed. Reg. 33, 174 (June 10, 2014) ..................................................................................... 3

*Certain Crystalline Silicon Photoovoltaic Products From
the People's Republic of China: Affirmative Preliminary Determination of Sales
at Less Than Fair Value abd Postponement of Final Determination*
79 Fed. Reg. 44,399 (July 31, 2014) ....................................................................................... 3

*Certain Crystalline Silicon Photovoltaic Products From the People's
Republic of China: Final Determination of Sales at Less Than Fair Value*
79 Fed. Reg. 76, 970 (December 23, 2014) ............................................................................. 3

*Certain Crystalline Silicon Photovoltaic Products From the People's
Republic of China and Taiwan: Initiation of Antidumping Duty Investigations*
79 Fed. Reg. 4661 (January 29, 2014) ..................................................................................... 2

*Certain Crystalline Silicon Photovoltaic Products From the People's Republic
of China and Taiwan: Initiation of Countervailing Duty Investigations*
79 Fed. Reg. 4667 (January 29, 2014) ..................................................................................... 3

*Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Antidumping Duty Order; and Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*
80 Fed. Reg. 8592 (February 18, 2015) ..............................................................4, 5

*Countervailing Duty Investigation of Certain Crystalline Silicon Photovoltaic From the People's Republic of China: Final Affirmative Countervailing Duty Determination*
79 Fed. Reg. 76, 962 (December 23, 2014) ............................................................ 4

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE
_____

| | | |
|---|---|---|
| AIREKO CONSTRUCTION LLC, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00128 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
_____ :

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART, AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, the United States (Government), respectfully submits this memorandum of law in opposition to the motion for summary judgment filed by plaintiff, Aireko Construction LLC (Aireko), and in support of our cross-motion for partial summary judgment, pursuant to Rule 56 of the Rules of the United States Court of International Trade (USCIT). For the reasons set forth below, we respectfully request that the Court enter an Order: (1) denying Aireko's motion for summary judgment in part; (2) granting our cross-motion for partial summary judgment, and finding that the merchandise at issue was subject to antidumping duties; (3) instructing U.S. Customs and Border Protection to reliquidate the entries at issue at an antidumping duty rate of 42.33% and a countervailing duty rate of 0.00%; and (4) dismissing this action.

### INTRODUCTION

This case involves three entries of crystalline silicon photovoltaic products (CSPV) from the People's Republic of China (PRC or China), which were subject to antidumping duty and countervailing duty orders. At liquidation, U.S. Customs and Border Protection (CBP or

Customs) assessed antidumping and countervailing duties at rates of 52.13% and 26.89%, respectively. Aireko filed a timely protest, which CBP subsequently denied. Aireko claims that CBP improperly assessed antidumping and countervailing duties to the entries at issue and that the entries should have liquidated without regard to such duties. As we demonstrate below, the merchandise at issue was subject to antidumping duties, although at a lower rate than that assessed by CBP. Further, for reasons other than those alleged by plaintiff, we agree that countervailing duties should not have been assessed on plaintiff's entries.

## BACKGROUND

### I.    ASSESSMENT OF ANTIDUMPING DUTIES GENERALLY

After the U.S. Department of Commerce (Commerce) issues an antidumping or countervailing duty order, upon importation of merchandise covered by the order importers must make a cash deposit of estimated duties based upon the rates calculated in the investigation. *See* 19 C.F.R. § 351.211. After importation, liquidation is suspended for all entries subject to an antidumping or countervailing duty order until Commerce concludes its administrative review, if any. Then, Commerce instructs CBP to assess antidumping or countervailing duties on the merchandise through liquidation instructions. In its ministerial role, CBP merely follows Commerce's instructions when assessing antidumping or countervailing duties. *See Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1993).

### II.   ASSESSMENT OF ANTIDUMPING AND COUNTERVAILING DUTIES ON AIREKO'S ENTRIES

As is relevant here, in January 2014, Commerce published the notice of initiation of antidumping and countervailing duty investigations on certain CSPV products from the PRC. *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China and Taiwan: Initiation of Antidumping Duty Investigations*, 79 Fed. Reg. 4661 (January 29, 2014);

*Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China and Taiwan: Initiation of Countervailing Duty Investigations*, 79 Fed. Reg. 4667 (January 29, 2014).

In June 2014 and July 2014, respectively, Commerce published the preliminary determinations of the countervailing and antidumping duty investigations on certain CSPV from the PRC. *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Preliminary Affirmative Countervailing Duty*, 79 Fed. Reg. 33,174 (June 10, 2014); *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Affirmative Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 79 Fed. Reg. 44,399 (July 31, 2014). Commerce also instructed CBP to suspend liquidation of all entries of certain CSPV from the PRC, and to require a cash deposit for such entries. Message No. 4163305 (June 12, 2014); Message Nos. 4220303 (August 8, 2014), 4307307 (November 3, 2014), Ex. A.

In December 2014, Aireko imported CSPV from the PRC, exported by Wanxiang Import & Export Co. Ltd. and produced by Zhejiang Wanxiang Solar Co. Ltd., through the Port of San Juan, Puerto Rico. *See* Compl. ¶ 2; Ans. ¶ 2; Dkt. Nos. 11, 16. For the entries at issue, Aireko selected entry dates of December 19, 2014 and December 22, 2014 on its CBP Form 3461.[1] Compl. ¶¶ 20-22; Ans. ¶¶ 20-22.

On December 23, 2014, Commerce published the final determinations of the antidumping and countervailing duty investigations. *Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*, 79 Fed.

---

[1] Aireko legally elected entry dates prior to December 23, 2014, pursuant to 19 C.F.R. § 141.68(a)(2), for the three entries at issue. Specifically, (i) Aireko properly indicated elected entry dates on its CBP Form 3461s, (ii) the merchandise had already arrived within the port limits, and (iii) CBP received sufficient documentation for Aireko to elect the filing date of the entry documentation as the date of entry (rather than the date the merchandise was released).

Reg. 76,970 (December 23, 2014); *Countervailing Duty Investigation of Certain Crystalline Silicon Photovoltaic Products From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 79 Fed. Reg. 76,962 (December 23, 2014). In February 2015, Commerce published the antidumping and countervailing duty orders on certain CSPV from the PRC. *See* 80 Fed. Reg. 8592 (February 18, 2015).

On May 2, 2016 and May 13, 2016, respectively, Commerce issued antidumping and countervailing duty liquidation instructions to CBP covering the entries at issue. *See* Message Nos. 6123301 (May 2, 2016), 6134013 (May 13, 2016), Ex. B. Regarding the antidumping duty order, Commerce instructed CBP, in relevant part, to liquidate entries of CSPV from the PRC for the period of July 31, 2014 through January 25, 2015 at the cash deposit rate in effect on the date of entry, which was 42.33%. *See* Message Nos. 4307307, 6123301, Exs. A, B. Regarding the countervailing duty order, Commerce instructed CBP, in relevant part, to liquidate entries of CSPV from the PRC for the period October 18, 2014 through February 9, 2015 without regard to countervailing duties. *See* Message No. 6134304, Ex. B.

On September 2, 2016, CBP liquidated the entries at issue at an antidumping duty rate of 52.13% and a countervailing duty rate of 26.89%. Aireko protested that assessment, arguing that the entries were not subject to antidumping and countervailing duties. CBP denied Aireko's protest on June 11, 2020. Dkt. Nos. 11, 16.

## QUESTION PRESENTED

Whether CBP properly assessed antidumping and countervailing duties in accordance with Commerce's liquidation instructions.

## SUMMARY OF ARGUMENT

Aireko's merchandise was properly subject to antidumping duties pursuant to

Commerce's liquidation instructions issued in connection with the antidumping duty order on certain CSPV from the PRC. *See* 80 Fed. Reg. 8592 (February 18, 2015). In its liquidation instructions, Commerce instructed CBP to liquidate the entries subject to this case at the antidumping duty cash deposit rate required at entry. Although CBP assessed an incorrect antidumping duty rate (52.13% instead of 42.33%), Aireko is incorrect that the entries should have been liquidated without antidumping duties. Accordingly, there is no merit to Aireko's claim that no antidumping duties were required for entries prior to December 23, 2014. However, with regard to the assessment of countervailing duties, we agree that no countervailing duties should have been assessed on Aireko's entries because Commerce instructed CBP to liquidate entries during the relevant time period (December 2014) without countervailing duties. Accordingly, we move for partial summary judgment as antidumping duties are correctly assessed on plaintiff's entries at 42.33% and therefore plaintiff's motion for summary judgment should be denied, in part, with respect to antidumping duties. Further, plaintiff's motion for summary judgment should be granted, in part, with respect to countervailing duties which should not have been assessed on the entries at issue.

## **ARGUMENT**

### I.    **STANDARD OF REVIEW**

The Court reviews *de novo* a civil action contesting the denial of a protest on the basis of the record made before the Court. *See* 28 U.S.C. § 2640(a)(1). Under USCIT R. 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." USCIT R. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material only if it might affect the outcome of an action. *See Trumpf Med. Sys., Inc. v. United States*, 753 F. Supp. 2d 1297, 1305

(Ct. Int'l Trade 2010).   In determining whether a genuine issue of fact exists, a court reviews the evidence submitted drawing all inferences against the moving party.   *See Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).   The movant bears the burden of demonstrating that there exists no genuine issue of material fact that would warrant a trial.   *See, e.g.*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).   The movant may satisfy this burden by noting that the party who will bear the ultimate burden of proof at trial cannot support an essential element of its claim.   *See, e.g.*, *Celotex*, 477 U.S. at 322-23.   Further, the evidence used to support or dispute an assumed fact must be admissible.   USCIT R. 56(c)(2) and R. 56.3(c).   Here, the undisputed evidence supports partial summary judgment for the Government.

## II.     AIRKEO'S ENTRIES WERE SUBJECT TO ANTIDUMPING DUTIES

Plaintiff filed this action under 28 U.S.C. § 1581(a) after denial of a protest contesting CBP's assessment of countervailing and antidumping duties.   In the antidumping and countervailing duty context, CBP's role is ministerial, and in that role, CBP is required to apply Commerce's instructions precisely.   *Mitsubishi*, 44 F.3d at 977 (CBP merely follows Commerce's instructions in assessing and collecting duties and it cannot modify Commerce's determinations, their underlying facts or their enforcement); *Ugine & Alz Belg. v. United States*, 551 F.3d 1339, 1343 (Fed. Cir. 2009) (Customs performs a ministerial function in executing liquidation instructions).   As stated plainly by the Federal Circuit in *Mitsubishi*, "Customs does not determine the 'rate and amount' of antidumping duties under 19 U.S.C. § 1514(a)(2) . . . and has a merely ministerial role in liquidating antidumping duties under 19 U.S.C. § 1514(a)(5)." *Mitsubishi*, 44 F.3d at 977.   Indeed, "title 19 makes clear that Customs does not make any section 1514 antidumping 'decisions' . . . [and its] actions regarding dumping do not fall within 19 U.S.C. § 1514(a)." *Id.* at 977.

6

Decisions made by CBP that relate to antidumping duties and that may properly be the subject of a protest are limited to the assessment of facts surrounding importations and the application of liquidation instructions to particular entries. *See Cemex, S.A. v. United States*, 384 F.3d 1314, 1324 (Fed. Cir. 2004) (although CBP's role in antidumping matters is generally ministerial, CBP made a decision regarding liquidation that is protestable); *Xerox Corp. v. United States*, 289 F.3d 792, 794 (Fed. Cir. 2002) (CBP makes factual findings related to merchandise subject to an antidumping duty order).

Here, CBP properly assessed antidumping duties on Aireko's entries pursuant to Commerce's liquidation instructions, *albeit* at an incorrect rate. Commerce instructed CBP to "liquidate all entries for all firms except those listed in paragraph 3 and assess antidumping duties on merchandise entered, or withdrawn from warehouse, for consumption at the cash deposit or bonding rate in effect at the time of entry." Message No. 6123301 at ¶ 2, Ex. B. The message was titled "Automatic liquidation instructions for certain crystalline silicon photovoltaic products from the PRC for the [] periods 7/31/2014 through 1/26/2015 and 2/10/2015 through 1/31/2015 (A-570-010)." *Id*. The subject entries fall within the time period addressed by this message because the entry dates for Aireko's entries were December 19, 2014 and December 22, 2014. Neither the exporter (Wanxiang Import & Export Co. Ltd.) nor producer (Zhejiang Wanxiang Solar Co. Ltd.) for Aireko's entries appears on the list of firms exempted from liquidation. *See* Message No. 6123301, Ex. B; *see also* Dkt. No. 16. Thus, the applicable antidumping duty rate was the cash deposit rate that was in effect at the time of entry, which, as explained next, was 42.33%.

Following publication of the preliminary antidumping duty determination, Commerce instructed CBP to suspend the liquidation of and to collect cash deposits for entries covered by

the scope in the preliminary determination and that entered the United States on or after October 8, 2014. Relevant here, Commerce instructed CBP to collect an antidumping duty cash deposit rate of 42.33% for entries exported by Wanxiang Import & Export Co. Ltd. and produced by Zhejiang Wanxiang Solar Co. Ltd. Message No. 4307307 at ¶ 3. Accordingly, at the time of entry (December 19 and December 22, 2014), Aireko's merchandise was subject to a cash deposit rate of 42.33%. Although CBP erred in assessing a rate of 53.13% at liquidation, Aireko is incorrect that the entries should have been liquidated without regard to any antidumping duties. Thus, the Court should grant defendant's partial summary judgment motion finding that antidumping duties were correctly assessed, and instruct CBP to reliquidate the entries at the correct antidumping duty rate of 42.33%.

## III.   AIREKO'S ENTRIES WERE NOT SUBJECT TO COUNTERVAILING DUTIES

Aireko also contends that its entries should not have been assessed countervailing duties. Aireko's entries were not subject to countervailing duties because Commerce instructed CBP to liquidate the entries at issue without regard to such duties. Specifically, pursuant to Message No. 6134304, Commerce instructed that merchandise "entered or withdrawn from warehouse on or after 10/08/2014 and on or before 02/09/2015 should be liquidated without regard to countervailing duties." Message No. 6134304 at ¶ 5. Because Aireko's subject merchandise was entered in December 2014, the entries fall within the referenced period and therefore countervailing duties should not have been assessed at liquidation. Thus, the Court should allow partial summary judgment in Aireko's favor regarding countervailing duties and Aireko's entries should be reliquidated at a 0.00% countervailing duty rate

**IV.     AIREKO IS WRONG THAT *SUNPOWER* GOVERNS THIS CASE**

In support of its summary judgment motion, Aireko asserts, without explanation, that the outcome here is governed by the Court's decision in *SunPower Corp. v. United States*, 253 F. Supp. 3d 1275 (Ct. Int'l Trade 2017). Pl. Br. at 4. Aireko simply block quotes the decision and neglects to discuss the relevance of the case to the facts here, leaving the Court and the Government to attempt to decipher its argument. *Id*. at 4-6.

Although not entirely clear, relying on *SunPower*, Aireko appears to argue that antidumping and countervailing duties could only apply to entries made on or after December 23, 2014 – the date of Commerce's final determinations. *Id*. Because its merchandise entered prior to that date (*i.e.*, December 19 and 22, 2014), Aireko appears to claim that CBP erred in retroactively assessing antidumping and countervailing duties to the entries at issue. *Id*. Aireko is incorrect. As discussed above, in its ministerial role, CBP merely followed Commerce's liquidation instructions, which instructed CBP to assess antidumping duties on the entries at issue. Indeed, Aireko does not claim that CBP improperly applied the liquidation instructions.

Furthermore, contrary to Aireko's assertion, the Court in *SunPower* did not hold that there could be no assessment of antidumping and countervailing duties for entries made before December 23, 2014. *SunPower*, 253 F. Supp. 3d 1275. In the quoted passage, the Court merely noted that the scope of the final determinations of the antidumping and countervailing duty investigations, which clarified the scope of the preliminary determinations, applied to entries on or after December 23, 2014. *Id*. at 1293. To the extent Aireko believes that its merchandise is not subject to the preliminary determinations, Aireko has failed to make such a claim, and therefore has waived any such argument. *See, e.g.*, *United States v. Great American Ins. Co.*, 738 F.3d 1320, 1328 (Fed. Cir. 2013) (stating that "[i]t is well established that arguments that are

9

not appropriately developed in a party's briefing may be deemed waived" (citations omitted.));

*SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319-20 (Fed. Cir. 2006)

(explaining, inter alia, that "[the] law is well established that arguments not raised in the opening

brief are waived" (citation omitted.)); *Novosteel SA v. United States*, 284 F.3d 1261, 1273-74

(Fed. Cir. 2002) (holding that argument raised for the first time in reply brief was waived).

Thus, Aireko's reliance on *SunPower* is unavailing and antidumping duties properly applied to

Aireko's entries.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion for summary

judgment in part, enter summary judgment for defendant United States in part, and dismiss this

action.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:     /s/ Aimee Lee
        AIMEE LEE
        Assistant Director

Of Counsel:                              /s/ Hardeep K. Josan
Paula Smith                              HARDEEP K. JOSAN
Office of Assistant Chief Counsel        Trial Attorney
International Trade Litigation           International Trade Field Office
U.S. Customs and Border Protection       Department of Justice, Civil Division
                                         Commercial Litigation Branch
                                         26 Federal Plaza, Room 346
                                         New York, New York 10278
                                         (212) 264-9245 or 9230

July 30, 2021                            Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE
_____

| | | |
|---|---|---|
| AIREKO CONSTRUCTION LLC, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No.  20-00128 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
|_____| : | |

CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT
STANDARD CHAMBER PROCEDURE 2(B)

I, Hardeep K. Josan, trial counsel in the Office of the Assistant Attorney General, Civil

Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for

the foregoing brief, relying upon the Microsoft Word word count feature of the word processing

program used to prepare the brief, certify that this brief complies with the type-volume limitation

under USCIT Standard Chamber Procedure 2(B) and contains 2,729 words.


/s/ Hardeep K. Josan