UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

_____
AIREKO CONSTRUCTION LLC,              :
                                      :
                                      :
            Plaintiff,                :        Court No. 20-00128
                                      :
     v.                               :
                                      :
UNITED STATES,                        :
                                      :
            Defendant.                :
_____:

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By: /s/ Aimee Lee
AIMEE LEE
Assistant Director

Of Counsel:
Valerie Sorensen-Clark
Office of Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

/s/ Hardeep K. Josan
HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

October 4, 2021

Attorneys for Defendant

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

CONCLUSION ....................................................................................................................... 6

CERTIFICATE OF COMPLIANCE ..................................................................................... 7

## TABLE OF AUTHORITIES

### Cases

*American Nat'l Fire Ins. Co. v. United States*,
   411 F. Supp. 2d 1275 (CIT 2006) ................................................................................... 5

*Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*,
   429 F.3d 103 (5th Cir. 2005) .......................................................................................... 5

*Mitsubishi Elecs. Am., Inc. v. United States*,
   44 F.3d 973 (Fed. Cir. 1994) ...................................................................................... 2, 5

*Shanahan v. City of Chicago*,
   82 F.3d 776 (7th Cir. 1996) ............................................................................................ 5

*Shinyei Corp. of America v. United States*,
   355 F.3d 1297 (Fed. Cir. 2004) ...................................................................................... 6

*SunPower Corp. v. United States*,
   253 F. Supp. 3d 1275 (Ct. Int'l Trade 2017) .................................................................. 4

*Ugine & Alz Belg. v. United States*,
   551 F.3d 1339 (Fed. Cir. 2009) ...................................................................................... 2

*Playhouse Imp. and Exp., Inc. v. United States*,
   18 CIT 41, 843 F. Supp. 716 (1994) .............................................................................. 5

**Statutes**

19 U.S.C. § 1500 ............................................................................................................................ 3

19 U.S.C. § 1514 ............................................................................................................................ 5

19 U.S.C. § 1515 ............................................................................................................................ 5

28 U.S.C. § 1581(a) ....................................................................................................................... 5

28 U.S.C. § 1581(i) ........................................................................................................................ 6

**Rules**

USCIT Rule 56.3(b) ...................................................................................................................... 2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| AIREKO CONSTRUCTION LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00128 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States (Government), submits this reply memorandum in further support of our cross-motion for summary judgment. For the reasons set forth below, we respectfully request that the Court enter an Order: (1) denying Aireko's motion for summary judgment in part; (2) granting our cross-motion for partial summary judgment, and finding that the merchandise at issue was subject to antidumping duties; (3) instructing U.S. Customs and Border Protection (CBP or Customs) to reliquidate the entries at issue at an antidumping duty rate of 42.33% and a countervailing duty rate of 0.00%; and (4) dismissing this action.

**INTRODUCTION**

This case involves three entries of crystalline silicon photovoltaic products (CSPV) from the People's Republic of China (PRC or China), which were subject to antidumping duty and countervailing duty orders. At liquidation, CBP assessed antidumping and countervailing duties at rates of 52.13% and 26.89%, respectively. Aireko filed a timely protest, which CBP subsequently denied. Aireko claims that CBP improperly assessed antidumping and

countervailing duties to the entries at issue and that the entries should have liquidated without regard to such duties.

There is no dispute as to the material facts.[1] This case turns solely on whether CBP properly followed Commerce's liquidation instructions in assessing antidumping duties on Aireko's entries. As discussed in our initial brief, the merchandise at issue was subject to antidumping duties, although at a lower rate than that assessed by CBP. Further, for reasons other than those alleged by plaintiff, we agree that countervailing duties should not have been assessed on plaintiff's entries.

## ARGUMENT

In the antidumping and countervailing duty context, CBP's role is ministerial, and in that role, CBP is required to apply Commerce's instructions precisely. *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994) (CBP merely follows Commerce's instructions in assessing and collecting duties and it cannot modify Commerce's determinations, their underlying facts or their enforcement); *Ugine & Alz Belg. v. United States*, 551 F.3d 1339, 1343 (Fed. Cir. 2009) (Customs performs a ministerial function in executing liquidation instructions).

As explained in our initial brief (*see* Def. Br. at 6-8), Aireko's entries of CSPV were subject to antidumping duties pursuant to Commerce's liquidation instructions issued in connection with the antidumping duty order on certain CSPV from the PRC. *See* 80 Fed. Reg. 8592 (February 18, 2015). Relevant here, Commerce instructed CBP to liquidate the entries in this case at the antidumping duty cash deposit rate required at entry, which was 42.33%. *See* Message No. 6123301 at ¶ 2; Message No. 4307307 at ¶ 3.

---

[1] Plaintiff has failed to submit a response to our statement of material facts pursuant to USCIT Rule 56.3(b) and, thus, the facts should be deemed admitted.

Aireko disputes the assessment of antidumping duties on its entries. Aireko argues that because CBP released its merchandise without the deposit of estimated antidumping duties and did not suspend liquidation of the entries, CBP could not assess antidumping duties at liquidation. *See generally* Pl. Resp. Br. In other words, according to Aireko, the fact that CBP did not collect cash deposits at entry meant that CBP found or understood that Aireko's merchandise was not subject to the CSPV orders. *Id*. Aireko also appears to contend that Commerce's liquidation instructions advising CBP to assess antidumping duties at the cash deposit rate in effect at the time of entry did not apply because CBP did not require cash deposits and, therefore, there were no cash deposits in effect at the time of Aireko's entries. *Id*. at 7. Aireko's arguments fail for the following reasons.

First, the fact that CBP did not collect cash deposits at entry, because Aireko declared the merchandise as not subject to antidumping duties, does not factor into CBP's assessment of antidumping duties at liquidation. Liquidation is the point at which the classification and duties are fixed. 19 U.S.C. § 1500. The inquiry at hand is whether CBP, in its ministerial role, properly followed Commerce's liquidation instructions. As we demonstrated in our initial brief, CBP assessed antidumping duties on Aireko's entries of merchandise pursuant to Commerce's instructions. Indeed, Aireko does not argue that CBP misapplied Commerce's instructions.

Notwithstanding that CBP correctly followed the instructions which resulted in the assessment of antidumping duties on Aireko's merchandise, Aireko is incorrect in its assertion that a prerequisite to the collection of antidumping duties at liquidation is CBP's collection of cash deposits at entry. Tellingly, Aireko cites to no regulation or statute which provides for such a requirement. In releasing Aireko's goods without requiring cash deposits, CBP was relying on the information Aireko provided with its entries that the merchandise was not subject to

3

antidumping duties. *See* Pl. Resp. Br. at 2, 5 (acknowledging that Aireko entered the merchandise as type "01" and not subject to antidumping duties). However, CBP's initial reliance on Aireko's representations on its entry documentation does not somehow bind CBP, such that CBP is prevented from assessing antidumping duties at liquidation pursuant to Commerce's instructions.

Second, although similarly irrelevant to the issue before the Court, there is no support for Aireko's argument that CBP did not suspend liquidation of the entries, and therefore, CBP cannot assess antidumping duties. *See* Pl. Resp. Br. at 3, 5. There is no legal support for Aireko's assertion, and there is likewise no factual basis. The protest documents indicate that the entries at issue were suspended by CBP. *See* Dkt. No. 11-1 at pp. 11, 28 and 39). Thus, Aireko is factually mistaken and, in any event, Aireko's argument fails.

Third, as explained in our initial brief, Aireko's continued reliance on *SunPower* is misplaced. Pl. Resp. Br. at 7. Contrary to Aireko's assertion, the Court's holding does not support the conclusion that "Aireko's entries made before December 23, 2014" would not be subject to antidumping and countervailing duties. *SunPower Corp. v. United States*, 253 F. Supp. 3d 1275 (Ct. Int'l Trade 2017). While the Court noted that the scope of the final determinations of the antidumping and countervailing duty investigations, which clarified the scope of the preliminary determinations, applied to entries on or after December 23, 2014, *id*. at 1293, the Court did not find that entries prior to that date should not be subject to antidumping/countervailing duties. Further, Commerce's liquidation instructions directed CBP to assess antidumping duties on entries of CSPV prior to the December 23, 2014 date. *See* Message No. 6123301 at ¶ 2 (instructing CBP to assess antidumping duties for the period "7/31/2014 through 1/26/2015 and 2/10/2015 through 1/31/2015").

Finally, Aireko's allegations against Commerce's actions should be disregarded in their entirety. Pl. Resp. Br. at 6, 8. Aireko not only failed to raise these claims in its complaint but, more importantly, the Court's jurisdiction in this case is conferred by 28 U.S.C. § 1581(a) which only extends to denied protests against decisions of CBP. Specifically, in its complaint, Aireko solely challenges CBP's decision to assess antidumping and countervailing duties on its entries. *See generally* Compl. Aireko cannot now assert claims against Commerce that it failed to include in its complaint. "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). "A claim which is not raised in the complaint but rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 103, 113 (5th Cir. 2005).

Further, section 1581(a) provides this Court with "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part," under 19 U.S.C. § 1515. Section 1515 requires an aggrieved party to file a protest under 19 U.S.C. § 1514. Section 1514(a) sets forth the categories of Customs decisions that are subject to protest. Those categories are exclusive, and if "Customs' underlying decision does not relate to any of these seven categories, the Court may not exercise § 1581(a) jurisdiction over an action contesting Customs' denial of a protest filed against that decision." *American Nat'l Fire Ins. Co. v. United States*, 411 F. Supp. 2d 1275, 1285 (CIT 2006) (citing *Playhouse Imp. and Exp., Inc. v. United States*, 18 CIT 41, 44, 843 F. Supp. 716, 719 (1994)). Additionally, "section 1514(a) does not embrace decisions by other agencies." *Mitsubishi*, 44 F.3d at 976. Thus, even if alleged in the

5

complaint, the Court would not have jurisdiction over Aireko's claims that Commerce "exceeded its authority" by unlawfully and retroactively applying antidumping duties. Pl. Resp. Br. at 6.[2]

In short, Aireko has failed to demonstrate that CBP erred in following Commerce's liquidation instructions. Thus, CBP's determination to assess antidumping duties to the entries at issue should be sustained.

## CONCLUSION

For these reasons and those in the Government's initial brief, this Court should deny plaintiff's motion for summary judgment in part, enter summary judgment for defendant United States in part, and dismiss this action.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

---

[2] To the extent Aireko believes that Commerce's liquidation instructions were improper, Aireko could have brought a challenge under 28 U.S.C. § 1581(i). *Shinyei Corp. of America v. United States*, 355 F.3d 1297 (Fed. Cir. 2004).

6

|  |  |
|---|---|
|  | By: /s/ Aimee Lee |
|  | AIMEE LEE |
|  | Assistant Director |
| Of Counsel: | /s/ Hardeep K. Josan |
| Valerie Sorensen-Clark | HARDEEP K. JOSAN |
| Office of Assistant Chief Counsel | Trial Attorney |
| International Trade Litigation | International Trade Field Office |
| U.S. Customs and Border Protection | Department of Justice, Civil Division |
|  | Commercial Litigation Branch |
|  | 26 Federal Plaza, Room 346 |
|  | New York, New York 10278 |
|  | (212) 264-9245 or 9230 |
| October 4, 2021 | Attorneys for Defendant |

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

_____
AIREKO CONSTRUCTION LLC,            :
                                    :
                                    :
                    Plaintiff,      :        Court No. 20-00128
                                    :
            v.                      :
                                    :
UNITED STATES,                      :
                                    :
                    Defendant.      :
_____:

CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT
STANDARD CHAMBER PROCEDURE 2(B)

    I, Hardeep K. Josan, trial counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the Microsoft Word word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 1,537 words.

    /s/ Hardeep K. Josan