Slip Op. 21-164

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **AIREKO CONSTRUCTION, LLC.,** | |
| **Plaintiff,** | |
| **v.** | **Before Claire R. Kelly, Judge** |
| **UNITED STATES,** | **Court No. 20-00128** |
| **Defendant.** | |

## <u>OPINION</u>

[Granting defendant's motion for partial summary judgment and denying in part and granting in part plaintiff's motion for summary judgment.]

Dated: December 7, 2021

<u>Peter S. Herrick</u>, Peter S. Herrick, P.A. of St. Petersburg, Florida for plaintiff Aireko Construction, LLC.

<u>Hardeep K. Josan</u>, International Trade Field Office, Department of Justice, Civil Division, Commercial Litigation Branch of New York, New York for defendant United States. Also on the brief were <u>Brian M. Boynton</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, <u>Aimee Lee</u>, Assistant Director, and <u>Justin R. Miller</u>, Attorney-in-Charge, International Trade Field Office. Of Counsel was <u>Valerie Sorensen-Clark</u>, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Kelly, Judge: Plaintiff, Aireko Construction, LLC ("Aireko"), an importer of crystalline silicon photovoltaic ("CSPV") products moves for summary judgment arguing that Customs and Border Protection ("CPB" or "Customs") unlawfully liquidated three of its entries when it imposed antidumping and countervailing duties ("ADD" and "CVD," respectively) upon them pursuant to instructions issued by the

Court No. 20-00128                                                      Page 2

Department of Commerce ("Commerce") because the "chosen entry dates preceded Commerce's final [ADD and CVD] determination[s]." Aireko Construction LLC's Mot. Summ. J., June 4, 2021, ECF No. 22; Memo. Law and Authorities in Supp. [Pl.'s] Mot. Summ. J. at 7, June 4, 2021, ECF No. 22 ("Pl.'s Br."). Plaintiff protested the assessment of ADD and CVD on its entries and subsequently amended that protest, claiming the entries were entered prior to the issuance of the final determination and the corresponding ADD and CVD rates "could only be assessed and liquidated prospectively for entry dates prospectively." Annexation Statement Material Facts for Which There is No Genuine Issue to be Tried to R. 56 Mot. for Summ. J. ¶¶ 7–8, Ex. B at 2–3, July 28, 2021, ECF No. 27 ("PSOF"). CBP denied Aireko's protest on January 13, 2020. Id. at ¶ 10, Ex. D.

On July 10, 2020, Plaintiff commenced this action by filing a summons and complaint challenging the denial of the protest pursuant to 28 U.S.C. § 1581(a). Compl. for Damages, July 10, 2021, ECF No. 4 ("Compl."); Summons, July 10, 2020, ECF No. 1 ("Summons"). Plaintiff asks the court to instruct CBP to reliquidate the entries at "antidumping and countervailing duty rates of zero." Pl.'s Br. at 7; see also Compl. Prayer for Relief sub. para. 1. Defendant, the United States, cross moves for partial summary judgment arguing that although Commerce instructed CBP to assess ADDs, CBP assessed the ADDs at an incorrect rate. Def.'s Cross-Mot. Partial Summ. J., July 30, 2021, ECF No. 28; Def.'s Memo. of Law Opp'n Pl.'s Mot. Summ. J. in Part, and in Supp. of Def.'s Cross-Mot. for Partial Summ. J. at 7, July 30, 2021,

ECF No. 28 ("Def.'s Br.").  Defendant and Plaintiff agree that the entries were improperly assessed CVDs.  Def.'s Br. at 8.  Defendant asks the court to instruct CBP to reliquidate the entries at the correct ADD rate of 42.33% and CVD rate of 0.00%, in conformity with Commerce's instructions.[1]  Id.  For the reasons that follow, Plaintiff's motion for summary judgment is granted in part and denied in part, and Defendant's cross-motion for partial summary judgment is granted.

## JURISDICTION AND STANDARD OF REVIEW

The court has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930,[2] [as amended, 19 U.S.C. § 1515]." 28 U.S.C. § 1581(a) (2018).  The court reviews the denial of a protest de novo, based upon the record made before the court.  28 U.S.C. § 2640(a)(1) (2018).  The court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  USCIT R. 56(a).

[1] Commerce's liquidation instructions directed CBP to liquidate entries of subject merchandise "entered or withdrawn from warehouse on or after 10/08/2014 and on or before 02/09/2015 . . . without regard to countervailing duties" see Def.'s Br. Ex. B Liquidation Instructions, July 30, 2021, ECF 28-1 (Message No. 613404 ¶ 5) ("Liquidation Instructions"), and "liquidate all entries for all firms except those listed in paragraph 3 and assess antidumping duties on the merchandise entered, or withdrawn from warehouse, for consumption at the cash deposit or bonding rate in effect on the date of entry." Id. (Message No. 6123301 ¶ 2); see also; Def.'s Br. Ex. A Cash Deposit Instructions, ECF No. 28-1, (Message No. 4307307 ¶ 3) ("Cash Deposit Instructions").
[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

**UNDISPUTED FACTS**

The following facts are not in dispute.[3] Aireko imports CSPV from People's Republic of China ("PRC").  PSOF ¶ 1; DSOF ¶ 4.  In January 2014, Commerce initiated an ADD investigation of CSPV products from the PRC and Taiwan, see Certain [CSPV] Products From the [PRC] and Taiwan, 79 Fed. Reg. 4,661 (Dep't Commerce Jan. 29, 2014) (initiation of [ADD] investigations), and a CVD investigation of CSPV products from the PRC.  Certain [CSPV] From the [PRC], 79 Fed. Reg. 4,667 (Dep't Commerce Jan. 29, 2014) (initiation of [CVD] investigation); DSOF ¶ 1.

---

[3] Plaintiff filed a statement of facts as required by USCIT Rule 56.3.  See Pl.'s Br.; PSOF.  However, Plaintiff's Statement Of Facts was not annexed to its motion as required by the rule, see USCIT R. 56.3(a), and was first filed on June 4, 2021, see Annexation of Statement of Material Facts for Which there is No Genuine Issue to be Tried to Rule 56 Mot. for Summ. J., June 4, 2021, ECF No. 23, and subsequently on July 28, 2021.  PSOF.  In filing its Statement Of Facts Plaintiff did not provide relevant citations as required by the Rule.  USCIT R. 56.3(c) ("each statement by the movant . . . pursuant to rule 56(a) and (b) . . . will be followed by citation to evidence which would be admissible").  Defendant nonetheless replied to Plaintiff's Statement Of Facts on July 30, 2021.  Def.'s Resp. to Pl.'s Statement of Material Facts, ECF No. 28-2, July 30, 2021 ("PSOF Resp.").  Defendant annexed its Rule 56.3 statement of facts to its cross-motion for partial summary judgment.  Def.'s Cross-Mot. for Partial Summ. J., July 30, 2021, ECF 28; Def.'s Statement of Undisputed Material Facts in Supp. of Cross-Mot. for partial Summ. J., July 30, 2021, ECF No. 28.  Plaintiff failed altogether to respond to Defendant's Statement Of Facts and therefore the court considers the Defendant's Statement Of Facts undisputed for the purpose of this motion.  USCIT R. 56(e)(1) ("If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may[] consider the fact undisputed for the purposes of the motion"); see United States v. Harvic Int'l Ltd., 427 F. Supp. 3d 1349, 1353 (Ct. Int'l Trade 2020); New Image Glob., Inc. v. United States, 399 F. Supp. 3d 1257, 1262 (Ct. Int'l Trade 2019) (citing Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1369 (Fed. Cir. 2006)); United States v. Univar USA Inc., 355 F. Supp. 3d, 1225, 1253 (Ct. Int'l Trade 2018).

In June 2014 and July 2014, respectively, Commerce published the preliminary determinations of its CVD and ADD investigations. Certain [CSPV] From the [PRC], 79 Fed. Reg. 33,174 (Dep't Commerce June 10, 2014) (prelim. affirmative [CVD] deter.); Certain [CSPV] Products From the [PRC], 79 Fed. Reg. 44,399 (Dep't Commerce July 31, 2014) (affirmative prelim. deter. of sales at less than fair value and postponement of final deter.) (collectively, "Preliminary Determinations"); Certain [CSPV] Products From Taiwan, 79 Fed. Reg. 44,395 (Dep't Commerce July 31, 2014) (affirmative prelim. deter. of sales at less than fair value and postponement of final deter.); DSOF ¶ 2. Subsequently, Commerce instructed CBP to suspend liquidation of all entries of certain CSPV from the PRC and require a cash deposit for such entries. DSOF ¶ 3; Cash Deposit Instructions; Liquidation Instructions. In December 2014, Aireko imported CSPV from the PRC, exported by Wanxiang Import & Export Co. Ltd. and produced by Zhejiang Wanxiang Solar Co. Ltd.[4] See Compl. ¶ 2; Ans. ¶ 2, Dec. 7, 2021, ECF No. 17; Protests; Protests and

---

[4] Aireko filed entry documentation with CBP for the entries at issue in San Juan, Puerto Rico, indicating that they were not subject to ADDs or CVDs, by entering the goods as entry type "01" rather than entry type "03." PSOF Exs. G–I; see Pl.'s Memo. Law in Opp'n to Def.'s Cross-Mot. for Partial Summ. J. at 2, Sept. 13, 2021, ECF No. 31 ("Pl.'s Resp."). Aireko argues that CBP's failure to suspend the liquidation of the entries, require the deposit of estimated ADDs or CVDs, or reject the entries is evidence that CBP "did not view Aireko's solar panels within the scope of the Order." See Pl. Resp. at 2–3. Aireko is incorrect. As an initial matter, it is the responsibility of the importer—not CPB—to use reasonable care in completing its entry documentation so that CPB may properly assess duties. 19 U.S.C.

(footnote continued)

Entries from the Port of San Juan Supplement, Nov. 13, 2020, ECF No. 16 (the "Protests Supplement"); DSOF ¶ 4; PSOF ¶ 6, Ex. A.  For the entries at issue, Aireko selected entry dates of December 15, 2014, December 19, 2014, and December 22, 2014 on its CBP Form 3461.  PSOF ¶¶ 17-19; Compl. ¶¶ 20-22; Ans. ¶¶ 20-22; DSOF ¶ 5.

On December 23, 2014, Commerce published its final determinations for the ADD and CVD investigations.  <u>Certain [CSPV] Products From the [PRC]</u>, 79 Fed. Reg. 76,970 (Dep't Commerce Dec. 23, 2014) (final deter. of sales at less than fair value) (the "<u>Final CSPV ADD Order</u>"); <u>CVD Investigation of Certain [CSPV] Products From the [PRC]</u>, 79 Fed. Reg. 76,962 (Dep't Commerce Dec. 23, 2014) (final affirmative CVD deter.) (the "<u>Final CSPV CVD Order</u>") (collectively, "<u>Final Determinations</u>"); DSOF ¶ 6.  In February 2015, Commerce published the ADD and CVD orders on certain CSPV from the PRC.  <u>Certain [CSPV] Products From the [PRC]</u>, 80 Fed. Reg. 8,592 (Dep't Commerce Feb. 18, 2015) ([ADD] order and am. final affirmative [CVD] deter. and [CVD] order); DSOF ¶ 7.

---

§ 1484(a)(1)(B).  Further, contrary to Aireko's assertion, CBP sent Requests For Information for the entries on January 26, 2015, requesting <u>inter alia</u> certificates of origin for the cells.  Protests Supplement at 34–47.  In March of 2015, CBP sent Aireko Notices of Action for the entries, informing Aireko that the entries were subject to ADD and CVD.  <u>Id.</u> at 48–50, 77–80, 83–94.  On September 2, 2016, CBP liquidated the entries and assessed ADDs and CVDs.  PSOF ¶ 5; DSOF ¶ 11.

On August 17, 2015, Aireko filed a scope ruling request with Commerce asking it to find that Aireko's solar panels were outside of the ADD/CVD orders' scope.  PSOF ¶ 2; see also Aireko Constr., LLC v. United States, 425 F. Supp. 3d 1307, 1310 (Ct. Int'l Trade 2020).  On November 12, 2015, Commerce issued its scope ruling, finding the merchandise at issue in scope.  PSOF ¶ 3; see also [CSPV] Products from the [PRC], (Dep't Commerce Nov. 12, 2015) (scope ruling on [Aireko's] solar modules composed of U.S.-origin cells).  Aireko challenged that scope ruling in this court on December 12, 2015.  PSOF ¶ 3; see Aireko, 425 F. Supp. 3d 1307.  This court sustained Commerce's scope determination.[5] Id.

On May 2, 2016 and May 13, 2016, respectively, Commerce issued ADD and CVD liquidation instructions to CBP covering CSPV from the PRC.  DSOF ¶ 8; Liquidation Instructions (Message Nos. 6123301 (May 2, 2016), 6134304 (May 13, 2016)).  Regarding the ADD order, Commerce instructed CBP to liquidate entries of certain CSPV from the PRC for the period of July 31, 2014 through January 25, 2015, at the cash deposit rate in effect on the date of entry, which was 42.33%.  DSOF ¶ 9; Cash Deposit Instructions (Message No. 4307307 ¶ 3); Liquidation Instructions

---

[5] In addition to reviewing the scope ruling, Aireko argued that CBP had erroneously liquidated its entries.  Aireko, 425 F. Supp. 3d at 1312–13.  Aireko brought its case under 28 U.S.C. § 1581(c), which grants the court jurisdiction to review Commerce's scope ruling determinations.  19 U.S.C. §1516a(a)(2)(B)(iv); 28 U.S.C. § 1581(c).  The Court explained that "[t]he jurisdictional foundation for Aireko to contest a scope ruling does not also support a challenge to CBP's actions which would include CBP's decisions incident to liquidation" and declined to reach the merits of Aireko's argument.  Aireko, 425 F. Supp. 3d at 1313.

Court No. 20-00128                                                    Page 8

(Message No. 6123301 ¶ 2).  Regarding the CVD order, Commerce instructed CBP to liquidate entries of CSPV from the PRC for the period October 18, 2014 through February 9, 2015 without regard to CVD.  DSOF ¶ 10; Liquidation Instructions (Message No. 6134304 ¶ 5).

On September 2, 2016, CBP liquidated the entries at issue at an ADD rate of 52.13% and a CVD rate of 26.89%.  PSOF ¶ 5; DSOF ¶ 11; Protests at 11–12, 28–29, 39–40; Protests Supplement at 2, 57.  On December 2, 2016, Aireko protested the assessment of ADD and CVD on the entries at issue asking CBP to take no further action on the entries until the conclusion of pending litigation to determine whether the entries were "properly deemed to be within the scope of the [ADD and CVD] [o]rders."  PSOF Ex. A.  On November 12, 2019,[6] Aireko amended its protest by letter stating that the entries were entered prior to the issuance of the <u>Final Determinations</u> and that the corresponding ADD and CVD rates could only be "assessed and liquidated prospectively for entry dates prospectively."  PSOF ¶¶ 7–8, Ex. B at 2–3.  Aireko's amendment letter further stated that the antidumping and countervailing duty rates "were assessed retroactively . . . which is contrary to law."

---

[6] Both Defendant and Plaintiff mistakenly refer to the date of the amendment as November 12, 2016, but it is attached to Plaintiff's Statement of Facts as Exhibit B and it was filed on November 12, 2019.  19 C.F.R. § 174.14(e) (2018) ("An amendment to a protest . . . shall be deemed filed on the date it is received by the Customs officer"); PSOF Exs. B, C (DHL proof of delivery receipt dated November 12, 2019 with the notation "Aireko Amended Protest delivered to Customs").

PSOF Ex. B at 3.  CBP denied Aireko's protest[7] and no party disputes that this action

is timely.[8]  Id. ¶ 10, Ex. D; see DSOF ¶ 13.

## DISCUSSION

Aireko argues that despite Commerce's instructions in the Final CSPV ADD

Order to impose ADDs on certain CSPV from the PRC entered beginning July 31,

2014 through January 25, 2015, CBP erroneously liquidated the entries because

there "were no pending liquidation instructions . . . on Aireko's entry dates."  Pl.'s Br.

at 6.  Implicit in Aireko's argument is that Commerce's instructions were unlawful

because the scope language in Commerce's Final Determinations changed between

Commerce's preliminary and final determinations such that the effectiveness of

Commerce's order could only begin on December 23, 2014, the date of the Final

---

[7] Defendant's Statement Of Facts states that CBP denied Airkeo's protest on June 11, 2020, see Def.'s Statement of Undisputed Material Facts in Supp. Cross-Mot. for Partial Summ. J. ¶ 13, July 30, 2021, ECF No. 28 ("DSOF"), however, evidence cited by Defendant in support of this fact indicates that the protest was denied on August 28, 2020.  Protests and Entries from the Port of San Juan at 1, Oct. 5, 2020, ECF No. 11-1 (the "Protests").  Aireko attached the denied protest as Exhibit D of its Statement Of Facts, see PSOF Ex. D, showing that a protest officer denied the protest on January 13, 2020.  Id.  Regardless of the date that the protest was actually denied, Plaintiff timely commenced this action.  See 28 U.S.C. § 2636(a)(1); PSOF Ex. D (indicating that the denied protest was received on June 15, 2020); Compl.; Summons. For the purpose of this motion, the court will use the denial date indicated on the protest form.  PSOF Ex. D.

[8] Plaintiff complains that it received its denied protest more than 90 days from the denial and thus "was deprived of the opportunity to request the denied protest voided under 19 U.S.C § 1511(d)."  Pl.'s Br. at 2–3.  19 U.S.C. § 1511(d) was repealed in 1978. See Pub. L. 95-410, Title I § 107, Oct. 3, 1978, 92 Stat. 892.  To the extent that Plaintiff's argument may refer to 19 U.S.C. § 1515(d), see PSOF Resp. ¶ 12, Plaintiff fails to address its materiality to the current motion.  Thus, the court does not consider this argument.

Determinations.  See id. at 3–7.  Defendant contends that Commerce issued valid instructions to CBP to liquidate certain CSPV from the PRC entered for the period at the cash deposit rate in effect on the date of entry, which was 42.33%.  Def.'s Br. at 7, Cash Deposit Instructions (Message No. 4307307 ¶ 3), Liquidation Instructions (Message No. 6123301 ¶ 2).  Defendant further argues that to the extent that Aireko challenges Commerce's instructions, those instructions are not protestable and thus such a challenge is not properly before the Court.  Def.'s Reply Memo. in Further Supp. of Def.'s Cross-Mot. for Summ. J. at 5–6, Oct. 4, 2021, ECF No. 32 ("Def.'s Reply").  For the following reasons the court orders partial summary judgment in favor of Defendant and partial summary judgment in favor of Plaintiff.

Aireko's entries were subject to ADDs at the rate prescribed in Commerce's liquidation instructions to CBP.  See Liquidation Instructions (Message No. 6123301 ¶ 2).  The ADD laws empower Commerce to investigate dumping allegations and establish ADD rates.[9]  19 U.S.C. §§ 1673, 1673a–1673(h).  Commerce will issue

---

[9] When a domestic industry in the United States believes it is being harmed by unfair trade practices it may petition the government to investigate those practices.  19 U.S.C. § 1673a(b).  In an investigation, Commerce will determine whether sales of the investigated merchandise have been dumped, made at less than fair value, or whether a countervailable subsidy has been provided.  See id. §§ 1673, 1671(a)(1).  The International Trade Commission ("ITC") determines whether the imported merchandise materially injures or threatens to materially injure the relevant domestic industry.  Id. §§ 1673d(b)(1), 1671d(b)(1).  If both Commerce and the ITC render affirmative determinations, Commerce issues an antidumping or countervailing duty order.  Id. §§ 1673e(a), 1671e(a).  Where Commerce has made an

(footnote continued)

instructions to CBP to suspend the liquidation[10] of entries subject to the order and to collect cash deposits to secure the ADD or CVD to be paid.    19 U.S.C. § 1673d(c)(1)(B)(ii).   If a question arises as to the meaning of a particular order, an interested party may request that Commerce conduct a scope inquiry to clarify whether a particular type of merchandise is within the class or kind of merchandise described.  19 C.F.R. § 351.225 (2018).  The ADD laws also limit CBP's role to fulfilling Commerce's instructions.  Mitsubishi Elecs. Am., Inc. v. United States, 44 F.3d 973, 977 (Fed. Cir. 1994) (CBP cannot "modify . . . Commerce's determinations, their underlying facts, or their enforcement." (internal citations, brackets, and quotation marks omitted)).  The contents of those instructions, as opposed to CBP's adherence to them, is not a protestable event.  See 19 U.S.C. §§ 1671, 1673, 1675 (Commerce, not CBP determines the rate and scope of AVD and CVD orders); see also 19 U.S.C.

---

affirmative finding and there is injury to the domestic industry, Commerce will issue an order that identifies the scope of the merchandise to which it applies and assesses antidumping duties "in an amount equal to the amount by which the normal value exceeds the export price." Id. §§ 1673, 1673e(a).  Commerce's order will "include[ ] a description of the subject merchandise, in such detail as the administering authority deems necessary." Id. §§ 1673e(a)(2), 1671e(a)(2).  "At least once during a 12-month period beginning on the anniversary date of the publication of countervailing or antidumping duty order," Commerce, upon request, "shall review and determine the amount of any net countervailable subsidy, the amount of any antidumping duty, and review the status of and compliance with, any agreement [leading to the suspension of an investigation]."  19 U.S.C.S. § 1675(a)(1).  The results of the administrative review, along "with notice of a duty to be assessed, estimated duty to deposited, or notice that an investigation is being resumed" shall be published in the Federal Register.  Id. § 1675(a)(1)(c).

[10] "Liquidation" is defined as "the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1 (2018).

Court No. 20-00128                                                          Page 12

§ 1514 (listing CBP's decisions which may be protested); <u>Shinyei Corp. of America v.</u>
<u>United States</u>, 355 F.3d 1297, 1304–05 (Fed. Cir. 2004) ("Because the alleged agency
error in the present case is on the part of Commerce, and not Customs . . . section
1581(a) cannot vest the Court of International Trade with jurisdiction").  To the
extent that Aireko challenges Commerce's instructions, that challenge should have
been brought under 28 U.S.C. § 1581(i) and would now be untimely.[11]  <u>Shinyei</u>, 355
F.3d at 1304; <u>Consolidated Bearings Co. v. United States</u>, 348 F.3d 997, 1002 (Fed.
Cir. 2003) ("Consequently, an action challenging Commerce's liquidation instructions
is . . . a challenge to the 'administration and enforcement' of those final results [and]
[s]ection 1581(i)(4) grants jurisdiction to such an action").

    Here, Commerce commenced an investigation of CSPV from the PRC and
subsequently issued its <u>Preliminary Determinations</u> and <u>Final Determinations</u>.
Aireko entered subject merchandise on December 15, 2014, December 19, 2014, and
December 22, 2014.  PSOF at ¶¶ 17–19, Exs. G–I.  In May of 2016, Commerce issued
liquidation instructions to CBP to liquidate entries of certain CSPV from the PRC for
the period of July 31, 2014 through January 25, 2015, at the cash deposit rate of
42.33% for ADD, <u>see</u> DSOF ¶ 9, Cash Deposit Instructions (Message No. 4307307 ¶
3); Liquidation Instructions (Message No. 6123301 ¶ 2), and without regard to CVD

---

[11] An action commenced pursuant to 28 U.S.C. §1581(i) "is barred unless commenced
. . . within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).  The
instructions to liquidate the entries involved here were issued on May 2, 2016 and
May 13, 2016.  Liquidation Instructions (Message Nos. 6123301 (May 2, 2016),
6134304 (May 13, 2016)).

Court No. 20-00128                                                              Page 13

for the period of October 18, 2014 through February 9, 2015.[12]   DSOF ¶ 10,
Liquidation Instructions (Message No. 6134304 ¶ 5).   CBP failed to follow
Commerce's instructions when it assessed ADDs at 52.13% and CVDs at 26.89%.
Def.'s Br. at 7–8.   Plaintiff may protest CBP's failure to follow Commerce's
instructions, see 19 U.S.C. § 1514(a)(2); see also Shinyei, 355 F.3d at 1304, but it may
not protest the content of the instructions.   Shinyei, 355 F.3d at 1304.

Aireko mistakenly invokes SunPower Corp. v. United States, 253 F. Supp. 3d
1275 (Ct. Int'l Trade 2017) as the foundation for its challenge.   Pl.'s Br. at 4–6.   Aireko
apparently contends that Commerce's modification of the order language from the
Preliminary Determinations to the Final Determinations renders any retroactive
application of the language in the Final Determinations to merchandise contrary to
law.   Id.   As a preliminary matter, Aireko reads SunPower for more than it is worth.
In SunPower, U.S. producers of solar cells challenged Commerce's final scope
determination involving solar panels and modules from the PRC under 28 U.S.C. §
1581(c).   SunPower, 253 F. Supp. 3d at 1283–1285.   The investigations at issue in
SunPower followed prior investigations of solar cells from the PRC and Taiwan.[13]   Id.
at 1280.

---

[12] These instructions followed a scope decision issued by Commerce, challenged in
this court, and ultimately decided by this court on January 13, 2020.   Aireko, 425
F.Supp. 3d 1307.
[13] See [CSPV] Cells, Whether or Not Assembled Into Modules, From the [PRC], 76
Fed. Reg. 70,960 (Dep't Commerce Nov. 16, 2011) (initiation of [ADD] investigation);

(footnote continued)

SunPower involved an investigation in which Commerce initially proposed scope language setting forth a "two out of three rule" in which "a product would qualify as subject merchandise if it contained Chinese input (ingots, wafers, or partially manufactured cells) and assembly of the module occurred in China," even if the cell was manufactured or completed in a third country.  Id. at 1281.  In the final determination issued on December 14, 2014, Commerce abandoned the two out of three rule and adopted language in which "country of origin would be determined by the country in which the assembly of the panel occurred."  Id. at 1282.  In SunPower the court ultimately upheld Commerce's determination and addressed Plaintiff's admonition that the order only be applied prospectively.  Id. at 1293.  The court concluded that the admonition was of no moment, as there was no dispute that the order had been applied prospectively.  Id.  Commerce issued the final order on December 14, 2014 and applied the order to entries made after December 14, 2014.

---

[CSPV] Cells, Whether or Not Assembled Into Modules, From the [PRC], 76 Fed. Reg. 70,966, 70,967 (Dep't Commerce Nov. 16, 2011) (initiation of [CVD] investigation) ("Solar I").  The Solar I PRC investigations covered solar cells from China, including Chinese cells assembled into modules outside of China but did not cover solar modules assembled in China using solar cells produced outside of China. SunPower, 253 F. Supp. 3d at 1278–1279.  In these investigations Commerce considered the solar cell as the origin-conferring component.  See id.  Subsequently in response to another petition, Commerce investigated solar modules made with cells other than PRC cells. See Certain [CSPV] Products from the [PRC] and Taiwan, 79 Fed. Reg. at 4,661; Certain [CSPV] Products from the [PRC], 79 Fed. Reg. at 4,667.  These investigations resulted in two sets of orders.  Certain [CSPV] Products from the [PRC], 80 Fed. Reg. 8,592 (Dep't Commerce Feb. 18, 2015) ([ADD] order; and amended final affirmative [CVD] deter. and [CVD] order); Certain [CSPV] Products from Taiwan, 80 Fed. Reg. 8,596 (Dep't Commerce Feb. 18, 2015) ([ADD] order); SunPower, 253 F. Supp. 3d at 1280.

Id. Thus, SunPower did not reach the question of whether application of the order to entries prior to the issuance of the final determination, but after the preliminary determination, would be an unlawful retroactive application of the order.

More importantly, the court need not reach the argument concerning the retroactive application of the order here.  Aireko protested CBP's liquidation of its entries.  PSOF ¶¶ 6–8, Ex. A; DSOF ¶ 12.  In doing so, it can only reach CBP's decisions, namely whether CBP followed Commerce's instructions.  Shinyei, 355 F.3d at 1304.  CBP's role is to liquidate the goods pursuant to Commerce's instructions.  Belgium v. United States, 551 F.3d 1339, 1343 (Fed. Cir. 2009) (explaining that Customs performs a ministerial function in executing liquidation instructions issued by Commerce).  CBP failed to follow Commerce's instructions and therefore the court grants partial judgment in favor of the Plaintiff, to the extent necessary to assess the CVD rate at the rate Commerce instructed.  Def.'s Br. at 7–8, Liquidation Instructions (Message No. 6134304 at ¶ 5).  However, Commerce's decision underlying the instructions is not a protestable event and Plaintiff's motion for summary judgment is denied to the extent that it challenges the content of Commerce's instructions.  Defendant's cross-motion for partial summary judgment is granted.

Court No. 20-00128                                                    Page 16

## CONCLUSION

For the foregoing reasons, Aireko Construction, LLC's motion for summary judgment is granted in part and denied in part. The United States' cross-motion for summary judgment is granted.  Judgment will enter accordingly.


                                             /s/ Claire R. Kelly
                                             Claire R. Kelly, Judge

Dated:          December 7, 2021
                New York, New York